UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JOSEPH BRIGHTLY On Behalf of Himself and
All Others Similarly Situated,                         Case No.:

                         Plaintiffs,
                                                                 **COLLECTIVE AND CLASS**
          -vs-                                     **ACTION COMPLAINT**
                                                                   **WITH JURY DEMAND**

HAWKSMOOR RESTAURANT GROUP, INC. and
JACK HEMINGBROUGH,

                        Defendants.
------------------------------------------------------------------X

       Plaintiff JOSEPH BRIGHTLY ("Mr. Brightly") on behalf of himself and all others similarly situated (collectively as "FLSA Plaintiffs" and/or "Rule 23 Plaintiffs"), by and through their attorneys, THE LAW OFFICES OF WILLIAM CAFARO, as and for their Complaint against HAWKSMOOR RESTAURANT GROUP, INC. ("Hawksmoor") and JACK HEMINGBROUGH ("Hemingbrough") (together "Defendants") allege upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

### NATURE OF CASE

       1.      This is a civil action for damages and equitable relief based upon Defendants' flagrant and willful violations of Plaintiffs' rights guaranteed to them by: (i) the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 207(a); (ii) the overtime provisions of New York Labor Law § 160 and the corresponding N.Y. Comp. Codes R. & Regs ("NYCCRR"); (iii) the NYLL's minimum wage provisions, NYLL § 652(1); (iv) the requirement that employers furnish employees with accurate wage statements on each payday containing specific categories of information under the NYLL § 195(3); (v) the requirement that employees not be required to

share tips with members of management; and (vi) any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiff worked for Defendants, a steakhouse and its management located in Manhattan, as a server. Throughout Plaintiff's tenure Defendants failed to pay the Named Plaintiff, the FLSA Plaintiffs and the Rule 23 Plaintiffs the statutory minimum wage under the NYLL and 1.5 times the statutory minimum wage as overtime compensation.

3. Further, Defendants unlawfully retained tips from the Named Plaintiff, the FLSA Plaintiffs and the Rule 23 Plaintiffs by requiring front of the house employees to share their tips with management and to complete non-tipped tasks for more than 20% or more than two hours of their shifts. Given this, Defendants were not allowed to take a tip credit against the Plaintiffs' wages.

4. Also, Defendants failed to furnish Plaintiffs with accurate wage statements on each payday as the NYLL requires. Specifically, Defendants' wage statements showed the incorrect hourly rate that Plaintiffs were supposed to be paid and did not show all of the tips the Plaintiffs earned. This prevented Plaintiffs from determining and seeking payment for the precise amount of unpaid wages and tips. As such, Plaintiffs were harmed by being deprived of their income for longer than they would have been had they been able to timely raise their underpayment earlier.

5. Defendants paid and treated all of their front of the house workers in the same way.

6. Plaintiff brings this lawsuit against the Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendants' willful violations of the FLSA.

7. Plaintiff brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure 23, on behalf of himself, individually, and on behalf of all other persons similarly situated during the applicable NYLL limitations period who suffered damages as a result of the Defendant's violations of the NYLL and the supporting New York State Department of Labor regulations.

## JURISDICTION AND VENUE

8. Jurisdiction is based upon 28 U.S.C. §§ 1331 1343, insofar as it involves statutes of the United States, specifically, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*

9. Plaintiffs further invoke the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367, which confers supplemental jurisdiction on this Court for claims arising under New York law.

10. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as all actions comprising the claims for relief occurred within this judicial district.

## PARTIES

11. At all relevant times herein relevant, Mr. Brightly is a resident of the State of New York and resides in Kings County.

12. At all times herein relevant, Mr. Brightly was an "employee" entitled to protection as defined by the FLSA, and the NYLL.

13. Upon information and belief, at all relevant times herein, Hawksmoor was and is a foreign business corporation created under the laws of the state of Delaware.

14. Upon information and belief, at all relevant times herein, Hawksmoor has its principal place of business located at 109 East 22nd Street, New York, NY 10010.

15. At all relevant times herein, Defendant Hawksmoor was an "employer" of the Plaintiffs within the meaning of the FLSA, and the NYLL.

16. Upon information and belief, for the calendar year 2021 Hawksmoor's gross receipts were not less than $500,000.00.

17. Upon information and belief, for the calendar year 2022 Hawksmoor's gross receipts were not less than $500,000.00.

18. Upon information and belief, for the calendar year 2023 Hawksmoor's gross receipts were not less than $500,000.00.

19. Upon information and belief, for the calendar year 2024 Hawksmoor's gross receipts will not be less than $500,000.00

20. Defendants were engaged in interstate commerce within the meaning of the FLSA as it used supplies in the course of business which originated in states other than New York, the combination of which subject Defendants to the FLSA's overtime requirements as an enterprise. These items include, but are not limited to, forks, knives, plates, various vegetables, wine, and steak.

21. Furthermore, the Defendants' employees, including Plaintiff, the FLSA Plaintiffs, and the Rule 23 Plaintiffs, were individually engaged in interstate commerce as they frequently used goods that have been, and continue to be, moved in interstate commerce. These items include, but are not limited to, forks, knives, plates, various vegetables, wine, and steak. This independently subjects Defendants to the overtime wage requirements of the FLSA with respect to Plaintiffs and the FLSA Plaintiffs.

22. At all relevant times herein, Defendant Hemingbrough was a resident of the State of New York and has an actual place of business located at 109 East 22nd Street, New York, NY 10010.

23. At all relevant times herein, Defendant Hemingbrough was and is the general manager of the Hawksmoor.

24. Defendant Hemingbrough controlled the terms of the Plaintiff's employment in that they would tell him what tasks to complete and on what time frame they needed to be completed.

25. Upon information and belief, Defendant Hemingbrough controlled the work schedule of all of the employees of the Hawksmoor, including the Plaintiff's work schedule.

26. Upon information and belief, Defendant Hemingbrough controlled the rates and methods of payment of each of the employees of the Hawksmoor, including the Plaintiff's pay rates and methods of pay.

27. Defendant Hemingbrough paid the Plaintiff his wages and the wages of all other employees at the Hawksmoor.

28. At all times herein pertinent, the Plaintiff performed his duties for Defendant Hawksmoor at the direction and under the control of Defendant Hemingbrough.

29. Upon information and belief, and at all times herein pertinent, Defendant Hemingbrough exercised close control over the managerial operations of Hawksmoor, including the policies and practices concerning employees.

30. At all times herein pertinent, Defendant Hemingbrough controlled the terms and conditions of employment, supervised employees, made decisions as to hiring and firing and as to wages with respect to the employees of Hawksmoor in general, and with respect to the Plaintiff in particular.

31. At all times herein pertinent, Defendant Hemingbrough acted as the Plaintiff's employer within the meaning of the FLSA and the New York State Labor Law.

## COLLECTIVE ACTION ALLEGATIONS

32. Plaintiff seeks to bring this suit to recover from Defendants their full payment of all unpaid overtime compensation and liquidated damages under the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on their own behalf, as well as on behalf of those in the following collective:

> Current and former employees of Defendants who, during the applicable FLSA limitations period, performed work for Defendant as non-exempt tipped employees (including, but not limited to, servers, bussers, runners, bartenders, and barbacks) regardless of job title who give consent to file a claim to recover damages for overtime compensation that is legally due to them for time worked in excess of forty hours per week ("FLSA Plaintiffs").

33. Defendant treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours each workweek; and (5) were not paid the required rate of one and one-half times their respective regular rates of pay for all hours worked over forty in a workweek.

34. At all relevant times, Defendants were aware of the requirement to pay Plaintiff and all FLSA Plaintiffs at an amount equal to one and one-half times their respective regular rates of pay for all hours worked each workweek above forty, yet Defendant purposefully chose not to do so. Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation, in violation of the FLSA.

## RULE 23 CLASS ALLEGATIONS

35. In addition, Plaintiffs seek to maintain this action as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23(b)(3), on their own behalf, individually, as well on behalf of those who are similarly-situated who the Defendant subjected to violations of the NYLL and the NYCCRR during the applicable statutory period.

36. Under FRCP 23(b)(3), a plaintiff must plead that:

   a. The class is so numerous that joinder is impracticable;

   b. There are questions of law or fact common to the class that predominate over any individual questions of law or fact;

   c. Claims or defenses of the representative are typical of the class;

   d. The representative will fairly and adequately protect the class; and,

   e. A class action is superior to other methods of adjudication.

37. The Rule 23 Class that Plaintiffs seek to define includes:

Current and former employees of Defendants who, during the applicable NYLL limitations period, performed work as non-exempt tipped employees (including, but not limited to, bussers, servers, runners, bartenders, and barbacks) regardless of job title ("Rule 23 Plaintiffs").

### Numerosity

38. During the previous six years, Defendant has employed, in total, at least fifty employees that are putative members of this class.

### Common Questions of Law and/or Fact

39. There are common questions of law and fact that govern the claims of each and every Rule 23 Plaintiff, including but not limited to the following: the duties that the Defendants

required and require each Rule 23 Plaintiff to perform; whether the Defendants required and require each Rule 23 Plaintiff to work in excess of forty hours per week; whether the Defendants compensated and compensate the Rule 23 Plaintiffs at the legally-mandated rate of one and one half times their respective straight-time rates of pay for all hours worked per week over forty; whether Defendants paid the Rule 23 Plaintiffs the statutory minimum wage; whether the Defendants were entitled to any tip credit against the statutory minimum wage; whether the Defendants furnished and furnish the Rule 23 Plaintiffs with accurate wage statements on each payday containing the information required by N.Y. Lab. Law § 195(3); whether the Defendants kept and maintained records with respect to each hour that the Rule 23 Plaintiffs worked; whether the Defendants kept and maintained records with respect to the compensation that they paid to the Rule 23 Plaintiffs; whether the Defendants maintain any affirmative defenses with respect to the Rule 23 Plaintiffs' claims; whether the Defendants' actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and supporting regulations; if so, whether the Defendants' violations were in willful violation of the NYLL and supporting regulations; and if so, what constitutes the proper measure of damages

### Typicality of Claims and/or Defenses

40.     As described in the background facts section below, Plaintiff's claims are typical of the claims of the Rule 23 Plaintiffs whom they seek to represent, as the Rule 23 Plaintiffs work, and/or have worked for Defendants in excess of forty hours per week, as non-managerial employees, and Defendants failed to pay Plaintiffs overtime. Plaintiffs and the Rule 23 Plaintiffs enjoy the same statutory rights under the NYLL to be paid at a rate of one and one-half times their straight time rates for all hours worked per week in excess of forty, to be paid the statutory

minimum wage for all hours worked under 40, to retain all of tips they received from Defendants' customers, and to be furnished with accurate wage statements. Plaintiffs and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL and supporting regulations. Plaintiffs and the Rule 23 Plaintiffs have all suffered injury, including lack of compensation or under-compensation, due to Defendants' common policies, practices, and patterns of conduct. Thus, Plaintiffs' claims and/ or the Defendants' defenses to those claims are typical of the Rule 23 Plaintiffs' claims and the Defendants' defenses to those claims.

### Adequacy

41. Plaintiffs, as described below, worked the same or similar hours as the Rule 23 Plaintiffs throughout their employment with Defendants. The Defendants did not pay Plaintiffs overtime pay for their hours worked over forty each week and did not pay Plaintiffs the statutory minimum wage. Plaintiffs fully anticipate testifying under oath as to all of the matters raised in this Complaint and that will be raised in the Defendants' Answer. Thus, Plaintiffs would properly and adequately represent the current and former employees whom the Defendants have subjected to the treatment alleged herein.

### Superiority

42. Plaintiffs have no, or few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class. Indeed, at all relevant times herein, Defendants treated Plaintiffs identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

43. Any lawsuit brought by an employee of the Defendants for the same violations alleged herein would be identical to a suit brought by any other employee for the same violations. Thus, separate litigation would risk inconsistent results.

44. Accordingly, this means of protecting the Rule 23 Plaintiffs' rights is superior to any other method, and this matter is properly maintainable as a Class Action under FRCP 23(b)(3).

45. Additionally, Plaintiffs' counsel has substantial experience in this field of law.

## BACKGROUND FACTS

46. Hawksmoor operates as a steakhouse in Manhattan, New York.

47. From six years prior to the commencement of this action Defendants employed Class Members in Manhattan.

48. Mr. Brightly worked for Defendants from on or about January 2023 until no or about January 20, 2024.

49. Throughout his employment, Mr. Brightly worked as a server. In that role, Mr. Brightly, like all servers, waited on customers and had to complete non-tipped tasks, which Defendants referred to as side work.

50. The side work includes, but is not limited to, cleaning and placing candles, lining up tables (i.e. using a string to make sure the tables are a specific distance from one another), filling water bottles, restocking, wiping under tables, mopping, sweeping and vacuuming.

51. This side work would take over 2 hours per day and/or more than 20% of their shifts.

52. Defendants both treated and paid Mr. Brightly and the Class Members in a similar manner.

53. Throughout his employment, Defendants required Mr. Brightly to work five shifts per week, 4 dinners and 1 lunch. When Mr. Brightly worked a lunch shift, he was required to work

and did in fact work, from 10:00AM until 7:00PM. When Mr. Brightly worked a dinner shift, he was required to work, and did in fact work from 4:00PM until 1:00AM.

54. From the beginning of his employment until the end of 2023, Mr. Brightly was paid $10.00 per work hour.

55. From January 1, 2024 until his termination, Mr. Brightly was paid $10.65 per work hour.

56. In addition to the above compensation, Plaintiff, FLSA Plaintiffs and Rule 23 Plaintiffs were required to participate in a tip pool which was administered by the Defendants. Under Defendants' tip pool system, employees are designated an amount of points based on their position.

57. While this was the theory under which tips were to be distributed to employees, in reality the tip pooling system was administered by the Defendants' management in secret. Employees, including Plaintiff, were not informed of the total amount of tips in the tip pool, nor the amount of tips each employee was receiving. This created an atmosphere of doubt and suspicion among Defendants' employees that management was misappropriating their tips.

58. Further, Plaintiff, the FLSA Plaintiffs, and the Rule 23 Plaintiffs were required to share in the tip pool with members of Defendants' management. Specifically, Plaintiff, FLSA Plaintiffs, and the Rule 23 Plaintiffs were required to share in the tip pool with managers who assigned work, set schedules, cut employee's shifts, hired and terminated employees, assigned side work and who lead daily briefings.

59. Despite these issues, Defendant took a tip credit against Plaintiff's, FLSA Plaintiffs' and the Rule 23 Plaintiffs' earned wages.

60. Defendant was not entitled to take a tip credit against its employees' wages under the NYLL because: Defendant unlawfully retained a portion of employee's tips, and tipped employees spent more than twenty (20%) or two hours of their shifts performing non-tipped work.

61. Defendant failed to pay Mr. Brightly, the FLSA Plaintiffs and the Rule 23 Plaintiffs at one and one half times the statutory minimum wage for all hours worked over 40 per week.

62. Throughout the statutory period, Defendant failed to pay Mr. Brightly the full statutory minimum wage for all hours worked up to 40 per week.

63. Throughout the statutory period, Defendant paid Mr. Brightly every week without providing him with accurate wage statements that accurately reflected his regular rate of pay his overtime rate of pay, and the amount of tips he earned.

64. Defendants' failure to provide this information deprived Mr. Brightly and the Rule 23 Class of the ability to know exactly how much overtime compensation they were entitled.

65. As a result of Defendant's failure to provide accurate wage statements to Mr. Brightly and the Rule 23 Class, Defendants were able to significantly underpay their employees, resulting in the overtime violations in this action.

66. Defendants acted in the manner described herein so as to maximize their profits while minimizing labor costs.

67. Every hour that Plaintiffs worked was for Defendants' benefit.

68. Defendants treated Rule 23 Plaintiffs in the manner described above.

### ***FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS***
### *Unpaid Overtime under the FLSA*

69. Plaintiff and the FLSA Plaintiffs hereby incorporate all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

70. Defendants were required to directly pay the Plaintiffs and the FLSA Plaintiffs an overtime premium of one and one-half times the statutory minimum wage for all hours worked over forty (40) in a given workweek.

71. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and the FLSA Plaintiffs are employees within the meaning of the FLSA.

72. As also described above, Plaintiff and the FLSA Plaintiffs worked in excess of forty (40) hours per week, yet Defendants failed to compensate them in accordance with the FLSA's overtime provisions.

73. The Defendants willfully violated the FLSA.

74. As such, Plaintiff and the FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty (40) at the rate of one and one-half times their respective standard rate of pay.

75. Plaintiff and the FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for the Defendants' violation of the FLSA's overtime provisions.

76. All of the foregoing constituted willful and repeated violations of the Fair Labor Standards Act, so the applicable statute of limitations is three years pursuant to 29 U.S.C. § 255(a).

### *SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS*
*Unpaid Overtime under the NYLL*

77. Plaintiff and Rule 23 Plaintiffs hereby incorporate all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

78. Defendants were required to directly pay the Plaintifts and Rule 23 Plaintiffs an overtime premium of one and one-half times their regular rate of pay for all hours worked over forty (40) in a given workweek.

79. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiffs and Rule 23 Plaintiffs are employees within the meaning of the NYLL.

80. As also described above, Plaintiffs and Rule 23 Plaintiffs worked in excess of forty (40) hours per week, yet Defendants failed to compensate them in accordance with the NYLL's overtime provisions.

81. Due to Defendants' violations of the New York Labor Law, Plaintiffs and Rule 23 Plaintiffs are entitled to recover from Defendants their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### *THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS*
*Unpaid Minimum Wages under the NYLL*

82. Plaintiff and Rule 23 Plaintiffs hereby incorporate all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

83. Named Plaintiff and the Rule 23 Class routinely worked over 40 hours in a given work week.

84. The minimum wage provisions of Article 19 of the New York Labor Law and its supporting regulations apply to the Defendants.

85. Defendant have willfully failed to pay the Plaintiff and Rule 23 Plaintiffs the proper minimum wages to which they were entitled under the New York Labor Law.

86. Due to Defendants' violations of the New York Labor law, Plaintiff and Rule 23 Plaintiffs are entitled to recover from Defendant their unpaid minimum wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Wage Statements in Violation of the NYLL*

87. Plaintiff and Rule 23 Plaintiffs hereby incorporate all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

88. NYLL § 195(3) requires employers to furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to employees.

89. As described above, the Defendants willfully failed to furnish Plaintiffs and Rule 23 Plaintiffs with accurate wage statements containing the criteria required under the NYLL.

90. Prior to February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to the Plaintiffs and Rule 23 Plaintiffs for each workweek after the violation occurred, up to the statutory cap of $2,500.

91. On or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to the Plaintiffs and Rule 23 Plaintiffs in the amount of $250 for each workday after the violation occurred, up to a statutory cap of $5,000.

### FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Tip Misappropriation*

92. Plaintiff and Rule 23 Plaintiffs hereby incorporate all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

93. At all times relevant, Plaintiffs were employees within the meaning of NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

94. At all times relevant, Defendant was an employer of Plaintiffs within the meaning of the NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

95. The wage payment provisions of Article 6 of the NYLL, and the supporting New York State Department of Labor Regulations, apply to Defendant, and protect Plaintiffs.

96. Defendant unlawfully demanded or accepted, directly or indirectly, part of the gratuities and/or service charges received by Plaintiffs in violation of NYLL, Article 6, § 196-d, and the supporting New York State Department of Labor Regulations.

97. Defendant unlawfully retained part of the gratuities and/or service charges earned by Plaintiffs in violation of NYLL, Article 6, § 196-d, and the supporting New York State Department of Labor Regulations.

98. Defendant unlawfully required Plaintiffs to share part of the gratuities and/or service charges they received with non-tipped employees, including sommeliers (managers on duty), in violation of NYLL, Article 6, § 196-d, and the supporting New York State Department of Labor regulations.

99. Through their knowing or intentional demand for, acceptance of, and/or retention of gratuities and/or service charges received by Plaintiffs, Defendant willfully violated the NYLL, Article 6, § 196-d, and the supporting New York State Department of Labor regulations.

100. Due to Defendant's willful violations of the NYLL, Plaintiffs are entitled to recover from Defendant the value of all misappropriated gratuities and/or service charges, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

### SIXTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unlawful Deduction from Wages*

101. Plaintiff and Rule 23 Plaintiffs hereby incorporate all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

102. Defendants have made unlawful deductions from the Plaintiffs' wages, including, but not limited to, deducting a portion of Plaintiffs' tips.

103. The deductions made from the Plaintiffs' wages have not been expressly authorized in writing by Plaintiffs and have not been for the benefit of the Plaintiffs.

104. Through their knowing or intentional efforts to permit unauthorized deductions from the Plaintiffs' wages Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

105. Due to Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover from Defendants the amounts of all unlawful deductions, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

### DEMAND FOR A JURY TRIAL

106. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demand a trial by jury in this action.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand judgment against the Defendants as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

  b. Preliminary and permanent injunctions against Defendants and their agents, employees, representatives, and any and all persons acting in concert with him, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

  c. An order restraining Defendants from any retaliation against any individual for participating in any form in this lawsuit;

  d. Designation of this action as a FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

  e. Certification of the claims brought in this case under the NYLL as a class action pursuant to FRCP 23;

  f. All damages that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs have sustained as a result of the Defendants' conduct, including all unpaid wages, unpaid tips, and any short fall between wages paid and those due under the law that Plaintiffs would have received but for the Defendants' unlawful payment practices;

  g. Declaring Defendants' violations of the FLSA and NYLL were willful;

  h. Liquidated damages and any other statutory penalties as recoverable under the FLSA and NYLL;

  i. Awarding Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs their costs and disbursements incurred regarding this action, including reasonable attorneys' fees, expert witness fees, and other costs;

  j. Designation of Plaintiff and their counsel as collective/class action representatives under the FLSA and the FRCP;

  k. Awarding punitive damages;

  l. Pre-judgment and post-judgment interest, as provided by law;

  m. Awarding such other and further relief as available under the statues; and

  n. Granting Plaintiffs other and further relief as this Court finds necessary and proper.

Dated: New York, New York
    March 5, 2023

            Respectfully submitted,
            LAW OFFICES OF WILLIAM CAFARO

            _____
            By: Amit Kumar, Esq. (AK 0822)
            *Attorneys for the Named Plaintiff as Well as the Putative Class*
            108 West 39th Street, Suite 602
            New York, New York 10018
            (212) 583-7400
            AKumar@CafaroEsq.com